## JOHN P. HOLMES
### v.
## SERENA M. HOLMES.

*Action by Sister against Brother on Note and for Wages—Question for Jury—Instructions.*

1. Where the question is one of fact and the evidence is conflicting, it is for the jury to determine which side has the preponderance of the evidence.

2. In an action by a sister against her brother to recover wages claimed to be due her for services in his family, and also to recover on a note, it is held that, as the question of liability rested upon an alleged express contract, a certain instruction complained of contained no serious error.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

Mr. I. A. BUCKINGHAM, for appellant.

Messrs. OUTTEN & VAIL, for appellee.

*Per Curiam.* The parties are brother and sister. She brought this suit for money alleged to be due her on a promissory note, and also for wages, and recovered a judgment for $1,039.85.

Exception is taken to one instruction for the plaintiff, that it is misleading as to the circumstances to be shown, in order to exempt the head of a family from liability for wages to one claimed to have sustained the relation of a member of it. That part of the instruction related to a case resting upon an implied contract—we perceive no serious error in it—but this case rested upon an alleged express contract, positively testified to by several witnesses, and the instruction proceeds upon that hypothesis.

It was that, although under certain circumstances stated, the law would not hold the defendant liable for wages without

proof that he was to pay them, yet if there was an express and valid contract to pay them, he would be liable notwithstanding such circumstances. There can be no reasonable doubt that the jury found there was such a contract. Aside from this the case presents only questions of fact, and it is not denied that there was much evidence to support the finding. A labored argument is made to show it did not amount to a preponderance. Of that the jury were the proper judges.

*Judgment affirmed.*